RECEIVED
SDNY PRO SE OFFICE
2022 MAR -2  AM 10: 10

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Mark Carnes
_____

_____
Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been assigned)

-against-

City of New York, New York City
Police Department, Highway Patrolman
Nikodemus Petrone, Shield No. 9873
_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

# COMPLAINT

Do you want a jury trial?
☑ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 1/9/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑  **Federal Question**

☐  **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

Fourth, Sixth, Fourteenth Amendments

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

## A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

Mark _____ A. _____ Garnes
**First Name**              **Middle Initial**              **Last Name**

1205   Atlantic Ave., Unit 363
**Street Address**

Brooklyn _____ NY _____ 11216
**County, City**              **State**              **Zip Code**

732-799-8662
**Telephone Number**              **Email Address (if available)**

**B.   Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:      City of New York
_____
First Name                          Last Name

Municipal
_____
Current Job Title (or other identifying information)

1 Centre Street
_____
Current Work Address (or other address where defendant may be served)

New York                 NY              10007
_____
County, City                    State              Zip Code


Defendant 2:      New York City Police Department
_____
First Name                          Last Name

Police Commissioner
_____
Current Job Title (or other identifying information)

1 Police Plaza
_____
Current Work Address (or other address where defendant may be served)

New York                 N.Y.            10038
_____
County, City                    State              Zip Code


Defendant 3:      Nikodemus        Petrone
_____
First Name                          Last Name

Highway Patrolman (Shield No. 9873)
_____
Current Job Title (or other identifying information)

1 Police Plaza
_____
Current Work Address (or other address where defendant may be served)

New York                 N.Y.            10038
_____
County, City                    State              Zip Code

Defendant 4:

| | |
|---|---|
| First Name | Last Name |

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

| County, City | State | Zip Code |
|---|---|---|

## III. STATEMENT OF CLAIM

Place(s) of occurrence: New Yorks Interstate 87 · Northbound - 179th St. (Exit 8)

Date(s) of occurrence: November 26, 2020

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

False Arrest & False Imprisonment, Denial of Counsel, Malicious Prosecution, Municipal Liability,

PLEASE SEE ATTACHED COMPLAINT FOR DETAILED OUTLINE OF FACTS....
(See Pages 4 - 16)

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

False Arrest & Imprisonment, detained unlawfully, Denial Access to counsel, Maliciously prosecuted without cause...
Please See Attached Complaint for Detail outline... (Pages 4-16)(Detained Unlawful for nearly 24 Hours, License Suspended, Vehicle Towed, etc.)

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

Please See The Attached Complaint For Detailed outline... (Page 16)

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| February 25th, 2022 | Mark G |
|---|---|
| Dated | Plaintiff's Signature |

| Mark | A. | Garnes |
|---|---|---|
| First Name | Middle Initial | Last Name |

1205 Atlantic Avenue, Unit 363
Street Address

| Brooklyn | NY | 11216 |
|---|---|---|
| County, City | State | Zip Code |

732-799-8662
Telephone Number                                    Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☑ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

UNITED STATES DISTRICT COURT

SOUTERN DISTRICT OF NEW YORK

_____X

Mark Garnes,                                    :

        Plaintiff,                          :

                                  :

                                  :

           -against-                       :

City of New York,                               :
New York City Police Department
and Highway Patrolman Nikodemus
Petrone, Shield No. 9873                        :
                Defendants.
_____X

**COMPLAINT**
**Docket No. (To Be Supplied)**
**Jury Trial Demanded**

Plaintiff here, Mark Garnes, Pro Se, states herein the Complaint as follows:

I
**PRELIMINARY STATEMENT**

1.  This is a civil rights action in which Plaintiff seeks relief for the violation of his constitutional

    rights secured by 42 U.S.C. § 1983, § 1988, the Fourth, Sixth and Fourteenth Amendments to

    the United States Constitution.

2.  These claims spurn from false arrest and imprisonment, search and seizure for DWI arrest on

    November 26th, 2020 at approximate 1:00 a.m. This arrest occurred northbound on New York's

    I-87 in Bronx County. To which Highway Patrolman Nikodemus Petrone, Shield No. 9873, acting

    under the color of law, intentionally and willfully subjected Plaintiff to false arrest and false

imprisonment without probable cause. In addition, Highway Patrolman Nikodemus Petrone denied Plaintiff access to contact counsel during the chemical test for intoxication at the 46th Precinct in Bronx County.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against Defendants, as well as an award of costs and attorney fees (should counsel be retained in this instant matter).

4. The Honorable Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, the Fourth, Sixth and Fourteenth Amendments. Jurisdiction of the court is invoked pursuant 28 U.S.C. Section § 1343. Plaintiff further invokes supplemental jurisdiction pursuant 28 U.S.C. Section 1367, above any and all state court law claims.

5. Venue in this instant matter is within the United States District Court for the Southern District of New York, in which Defendants, City of New York, New York City Police Department are located within Highway Patrolman Nikodemus Petrone jurisdiction, believed to be stationed at or utilize the testing facility at the 46th Precinct, Bronx, New York, County of Bronx, Plaintiff's place of arrest.

II

**PARTIES**

6. Plaintiff, Mark Garnes is a legal resident of the United States and at all times here relevant resided in Kings County, Brooklyn, New York, a City of the State of New York.

2

7. Defendants, the City of New York is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City of New York, acting through Defendant New York City Police Department ("NYPD") is responsible for the policy, practice, procedures, supervision, implementation and conduct of all NYPD matters and responsible for appointment, training, supervision, discipline and retention and conduct of all NYPD Highway Patrolmen personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the procedures, policy and/or rules of the NYPD Highway Patrol and for ensuring that the NYPD Highway Patrol personnel obey the laws of the United States and the State of New York.

8. Defendant, Highway Patrolman Nikodemus Petrone, Shield # 9873 was, at all times herewith this instant matter on November 26th, 2020, as a Highway Patrolman of the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times hereto, Highway Patrolman Nikodemus Petrone was the arresting officer under the command of the NYPD Highway Patrol. Defendant Highway Patrolman Nikodemus Petrone is being sued in his individual and professional capacity.

9. At all times here noted, Defendants were acting under color of State and Federal law, to which, under color of the statutes, ordinances, regulations, procedures, policies, customs and usages of the City and State of New York and the United States Constitution.

3

### III

### <u>NOTICE OF CLAIM</u>

10. Plaintiff filed the **NOTICE OF CLAIM** on July 1st, 2021 with the New York City Office of the
Comptroller, regarding this arrest and incident on November 26th, 2020. Over 30 days elapsed
upon the filing of this notice, to which settlement or otherwise disposed of in any manner,
procedurally and/or legally is absent.

### IV
### <u>50-H Hearing</u>

11. On September 10th, 2021, a **50-H Hearing** relevant to this matter was conducted by counsel
from Katz and Flores, 225 Broadway, New York, New York 10005. This 50-H Hearing was held at
16 Court Street, 8th Fl., Brooklyn, New York 11201.

### V
### <u>FACTUAL ALLEGATIONS</u>
### A.    **False Arrest of Plaintiff**

12. On November 26th, 2020, at approximately 2:00 a.m., New York City Police Department's
Highway Patrolman ("Patrolman") Nikodemus Petrone pulled Plaintiff over on the Northbound
side of I-87 (Major Deegan Expressway). This stop occurred at the base of Exit 8, 179th Street
exit ramp. According to Patrolman Petrone, Plaintiff initially stopped for traffic violations
(speeding unable to maintain lanes, improper use of turn signal, swerving,) according to
Patrolman Petrone. Upon approaching Plaintiff, Patrolman Petrone inquired to Plaintiff, "Were
you drinking?" Plaintiff replied, "No." Without further inquiry, Patrolman Petrone commanded
Plaintiff out of his vehicle and to stand to the rear of the vehicle. Patrolman Petrone began to

4

inquire further about Plaintiff's driving erratically, speeding, swerving, switching lanes and whether or not Plaintiff had been drinking or was drinking or using or used drugs while driving. Inquires to indicate Plaintiff intoxicated.

13. During this entire encounter, Plaintiff wore a mask as well Patrolman Petrone donned a mask. Taken in account the date of this matter was during the public health crisis (COVID-19) and mask were recommended, mandated to be worn.

14. Patrolman Petrone extracted a breathlyzer device and ordered Plaintiff to blow in it, Plaintiff complied. On this first blow, there was no reading indicating Plaintiff was intoxicated. Patrolman Petrone demanded Plaintiff blow into the device three additional times, to which the second and third blow returned no readings indicating no intoxication. On the fourth blow, according to Patrolman Petrone, Plaintiff's alcohol level was two times the required level. At this time, Patrolman Petrone placed Plaintiff under arrest. Plaintiff was placed in the rear seat of a yellow cab believed to be an undercover/unmarked vehicle utilized by Patrolman Petrone.

15. Plaintiff conceives Patrolman Petrone stopped Plaintiff on the premise of racial profiling. Plaintiff's vehicle being a 2019 Chevrolet Impala Premier, Silver, fairly new at the time and recently acquired a month prior. Plaintiff's temporary license plates being for the State of New Jersey. Thus, Plaintiff targeted, strongly presumed, for driving while Black, not while intoxicated. Perusal of Patrolman Petrone's initial Report (ARRESTING OFFICER'S REPORT-

INTOXICATED DRIVER ARREST) fails to indicate erratic driving, only "A/O observed Deft Driving seated behind steering wheel, keys in ignition, engine running."

16. Plaintiff's vehicle was towed to Autorama Enterprise collision car yard as this matter of arrest was being conducted. Patrolman Petrone did not search Plaintiff's vehicle to determine the presence of alcohol or narcotics or otherwise to indicate Plaintiff was under the influence of either. Plaintiff was taken to the 46th Precinct in Bronx County, searched, with personal items removed from Plaintiff (Keys, watch, cell phone, money, wallet). Plaintiff was logged in as arrested and led into another room for further testing by Patrolman Petrone to determine whether or not Plaintiff was intoxicated.

17. At this point, Patrolman Petrone extracted a device to further test Plaintiff. Plaintiff inquired as to the additional test, when the breathing into the breathlyzer's on three occasions did not result in any signs of intoxication, only the fourth blow. Plaintiff being unsure of this process requested Patrolman Petrone allow Plaintiff to contact an attorney. Patrolman Petrone inquired, "Are you refusing to take the tests?" Plaintiff's response being, "No, I'm requesting to speak with my attorney to get clarity on this. I blew into the device three times, nothing came up I was drinking. You telling me the last reading indicated I was drinking, now you want to do more tests, why?" Patrolman Petrone explained, "More tests are needed to confirm the breathlyzer tests." Plaintiff insisted on contacting an attorney. Patrolman Petrone refused to allow Plaintiff to contact counsel.

18. Thereafter, Plaintiff was asked a list of questions by Patrolman Petrone on various forms pertaining to this matter, Plaintiff requested to speak to an attorney upon each inquiry. Patrolman Petrone refused and crossed a line across each document. Subsequently, Plaintiff was fingerprinted, photographed and placed in a holding cell at the 46th Precinct and charged with Vehicle Traffic Law 1192 03 UM DWI – 1st Offense and Vehicle Traffic Law 1192 01 DWAI Alcohol.

19. Plaintiff notes here, regarding Patrolman Petrone's reports (ARRESTING OFFICER'S REPORT-INTOXICATED DRIVER ARREST) and DMV Report (REPORT OF REFUSAL TO SUBMIT TO CHEMICAL TEST), each inscribes reason(s) of suspicion and/or detection for the stop and arrest (probable cause). In accord with the NYPD HIGHWAY PATROL GUIDE relevant to "detection and arrest," parallel to each report by Patrolman Petrone, "A/O observed Deft Driving seated behind steering wheel, keys in ignition, engine running," with "ARRESTING OFFICER'S OBERVATIONS AT THE TIME OF ARREST" marked off. Perusal of this report, repletely, evince absence of traffic violations. **See Arresting Officer's Report** Conflicting with the second report regarding traffic regulations, in the REPORT OF REFUSAL TO SUBMIT TO CHEMICAL TEST, Patrolman Petrone notes in Section A, "Speeding unable to maintain lanes, improper use of turn signals, swerving throughout lanes." As to Section B of this same report, Patrolman Petrone inscribes, "odor of alcoholic beverage."

20. NYPD Highway Patrol's Highway District Intoxilyzer 5000 EN I.D.T.U. Procedural Guide ("Procedural Guide") commands arrest pursuant to NYPD Patrol Guide, Section: ARRESTS –

TRAFFIC VIOLATIONS, Procedural No. 208-52, notes: "Charge violation of Traffic Regulations if the offense is a violation of both Traffic Violations and the Vehicle Traffic Law." Patrolman Petrone only complied with the later, in that, Patrolman Petrone issued no citations/summons for the traffic violations inscribed in the reports. Reasoning these very "VEHICLE IN MOTION" (Phase #1 of the NYPD Highway Patrol's Procedural Guide (Page 1) violations initially occurred according to Patrolman Petrone's reports, suggest probable cause to stop and arrest Plaintiff. However, it is unclear what Patrolman Petrone's reason(s) or cause(s) to stop Plaintiff entailed under the Procedural Guide as well Patrolman Petrone's reports. There is no unlawful act for Plaintiff to "driving seated behind steering wheel, keys in ignition, engine running." Patrolman Petrone's "…OBSERVATIONS…" fail to indicate Plaintiff was intoxicated, masks donned by Plaintiff and Patrolman Petrone.

21. Furthermore, the Procedural Guide provides, relevant to Plaintiff's requests to contact counsel, Patrolman Petrone was under law, constitutionally and pursuant to New York law to allow Plaintiff to exercise this right to counsel. The Patrol Guide further indicates, "RIGHTS OF PERSON TAKEN INTO CUSTODY" in Section: Arrest, Procedure No. 208-09, which aligns an attorney to be contacted upon request of arrestee during detainment.

22. At approximately 6:30 a.m. on November 26th, 2020, Plaintiff was driven by an additional Highway Patrolman and Patrolman Petrone to the Bronx County Central Booking. Upon arrival, Plaintiff was escorted inside, intake procedural processing occurred and Plaintiff was placed in a holding cell until arraignment before an Honorable Justice of the Court.

23.  Plaintiff was eventually interviewed by a legal aid attorney via video conference on this matter, upon providing details of this incident, Plaintiff was advised an additional video conference would be conducted with the judge, district attorney and herself as legal representative for Plaintiff. This video conference was conducted at approximately 7:00 p.m. Plaintiff was advised to surrender his license by the Honorable Judge, however, due to some discrepancy, the Court reinstated Plaintiff's driver's license until the matter could be cleared. Upon conclusion of this video arraignment, Plaintiff was released at approximately 8:00 p.m. on November 26, 2020 with an adjournment and court date for January 27th, 2021.

24.  Plaintiff's retained counsel appeared via video conference with Plaintiff thereby phone on this matter on January 27, 2021. An adjournment for March 31st, 2021 was scheduled. On March 31st, 2021, the matter was dismissed. Plaintiff sought to retain a Certificate of Disposition from the Bronx County District Attorney's Office on this dismissal, via mail. Plaintiff, to date, has not received this Certificate of Disposition.

25.  Soon thereafter, Plaintiff returned to the Bronx County Courthouse and acquired the Certificate of Disposition. Subsequent to acquiring the disposition, Plaintiff prepared and submitted the **NOTICE OF CLAIM** to the Office of the City Comptroller for New York City on July 1, 2021.

**B.  REFUSAL HEARING**

26. On 3/29/2021, Plaintiff was scheduled for a "Refusal Hearing" with the Department of Motor Vehicles ("DMV"), regarding the additional tests to be conducted by Patrolman Petrone at the 46th Precinct on November 26th, 2020. As a result of Plaintiff nor Counsel for Plaintiff received the Notice of Appearance for this Refusal Hearing, the matter was rescheduled for July 12, 2021.

27. Plaintiff requested rescheduling of the Refusal Hearing, which was granted and conducted on July 12, 2021. Upon which, Plaintiff and the Administrative Law Judge conducted a brief outline of the hearing and awaited the appearance of Patrolman Petrone. This wait period was authorized by the Administrative Law Judge to be 10 minutes, nevertheless, Patrolman Petrone failed to appear on this rescheduled Refusal Hearing. At this time, the Administrative Law Judge re-instated Plaintiff's driver's license and cleared Plaintiff of the Refusal.

28. Plaintiff was assessed the annual minimum payment of $250.00 on March 31, 2021, as a result of this Refusal Hearing date not obliged. Plaintiff paid as required. However, due to the Refusal Hearing's rescheduled determination, conclusions on July 12, 2021, Plaintiff was refunded this annual minimum payment.

29. Plaintiff adds here, in all the years of driving, Plaintiff has not incurred charges of this manner imposed by Patrolman Petrone. To which, Plaintiff was totally unfamiliar with the

process and procedures, as a direct result of such, Plaintiff requested counsel continuously

unto Patrolman Petrone to no avail.

**VI**

**PLAINTIFF'S FIRST CAUSE OF ACTION**
**False Arrest and False Imprisonment**

30. Plaintiff states here, Patrolman Petrone did not have probable cause and/or arguable

probable cause to arrest and imprison Plaintiff on the charged offenses. Upon the vehicle

stop, Plaintiff and Patrolman Petrone both wore masks during this encounter, from the pull

over and stop, to Plaintiff exiting the vehicle and standing at the rear of the vehicle.

Plaintiff's mask was only removed upon blowing into the breathlyzer device at the rear of

the vehicle.

31. Patrolman Petrone states, watery eyes, bloodshot eyes, smell of alcohol on Plaintiff's

breathe deemed Plaintiff to be driving while intoxicated.  Plaintiff blew into a breathlyzer

four times, the first three times indicating no response or registered Plaintiff was not

intoxicated. On the fourth blow, Patrolman Petrone immediately commanded Plaintiff to

turn around and arrested Plaintiff due to the device registered twice the legal limit

according to Patrolman Petrone. Plaintiff was cuffed and hauled into the rear of Patrolman

Petrone's undercover vehicle, a yellow taxi.

32. In a matter of seconds, Plaintiff's vehicle was being towed as Plaintiff sat in the rear of this

unmarked police vehicle. This occurred too quickly to be proper protocol. To note, tow

11

trucks do not get to accidents that quickly. However, Patrolman Petrone did not search Plaintiff's vehicle to determine whether or not drugs or alcohol existed, as premised by Patrolman Petrone inquiry upon Plaintiff.

33. Subsequent to being logged in at the 46th Precinct, Plaintiff's requests for counsel continual regarding the additional tests to be conducted. As a result of Patrolman Petrone's failure to provide Plaintiff access to contact counsel, Plaintiff was placed in a holding cell and eventually taken to Bronx County Central Booking. Plaintiff notes here, during this entire process, Patrolman Petone indicated that Plaintiff was driving erratically, swerving in and out of lanes, speeding that warranted arrest. However, no traffic citations were issued for either or any violations indicated. Plaintiff's unlawful arrest violates the Fourth Amendment of the United States Constitution.

**VII**

**PLAINTIFF'S SECOND CAUSE OF ACTION**
**Denial of Access to Counsel**

34. Plaintiff requested Patrolman Petrone allow Plaintiff to contact counsel on this matter due to the additional tests to be conducted at the 46th Precinct. Plaintiff's encounters with law enforcement to this extinct had not occurred ever before, thus, Plaintiff sought legal advice to move forward accordingly. Patrolman Petrone denied Plaintiff to contact counsel regarding this matter. Patrolman Petrone produced a number of documents before Plaintiff regarding the additional tests to be conducted. Upon each document presented to Plaintiff, Patrolman Petrone inquired, "Are you refusing?" With each question, Plaintiff requested

12

counsel, Patrolman Petrone drew a line, diagonally across each document. At no point during this process nor subsequent to this additional tests to be conducted did Patrolman Petrone concede to provide Plaintiff access to counsel. Patrolman Petrone violated Plaintiff's Sixth Amendment right to counsel and New York's law to counsel pursuant to New York State Constitution Article 1, Section 6.

## VIII

### PLAINTIFF'S THIRD CAUSE OF ACTION
### Malicious Prosecution

35. Patrolman Petrone deliberately sought to disrupt Plaintiff's holiday, Thanksgiving, Plaintiff is unsure whether or not Patrolman Petrone stopped Plaintiff as a result of Plaintiff's temporary license plates (State of New Jersey) or the fact, Patrolman Petrone was driving the unmarked vehicle under I-87's speed limit (40 mph) and forbade Plaintiff for passing Patrolman Petrone at approximately 45 mph, well within the ten mile per hour grace. Patrolman Petrone's unmarked vehicle was literally creeping up I-87 as cabs and livery drivers do when seeking passengers or when gas is low.

36. Whichever reason(s) to be, Patrolman Petrone's determination that Plaintiff was intoxicated due to speeding, swerving, erratic driving was not ascertained with traffic/moving citations/summons and incorporated with the charged offenses. Which were dismissed as well the Refusal Hearing favorable to Plaintiff due to Patrolman Petrone's failure to appear.

37. The gist of the charged offense being Vehicle Traffic Violations, Plaintiff and Patrolman Petrone each had mask on during this incident, thus, how can Patrolman Petrone ascertain Plaintiff's breath smelled of alcohol. Here also, bloodshot, watery eyes being common factors associated with driving under the influence, Patrolman Petrone provided no evidence of this with each report (photos), reasoning, Plaintiff's initial three blows into the breathlyzer produced no indication of Plaintiff being intoxicated. However, the fourth blow being twice the legal level according to Patrolman Petrone, but there is no evidence, documented to corroborate this fourth result. Patrolman Petrone's paperwork, documents of arrest, reports do not indicate Plaintiff's breathlyzer results were twice the legal limit.

## IX

### PLAINTIFF'S FOURTH CAUSE OF ACTION
### Municipal Liability

38. Plaintiff posits here municipal liability is warranted due to Patrolman Petrone's conduct under the color of law falls within the laps of the City of New York and the New York City Police Department, therewith procedural guidelines and policies for arrests and charges of this nature against Plaintiff residing beneath the City of New York and the New York City Police Department. To which, Plaintiff was deprived of liberty under the Fourth Amendment, denied to contact counsel under the Sixth Amendment as well the laws the State of New York, Article 1, Section 6 on this matter of arrest and charged offenses.

39. New York City Police Department's Patrol Guide, 208-01, provides arrest upon traffic violations (Procedure 3. a. – c.). Violations and Traffic violations being outlined. Comparable to this Patrol Guide is the NYPD Highway Patrol's Highway District Intoxilyzer 5000 EN I.D.T.U. Procedural Guide ("Procedural Guide"), which prescribes guidelines for Highway Patrolmen to follow in various incidents/encounters with intoxicated drivers. The City of New York and the New York City Police Department failed to ascertain Patrolman Petrone's direct compliance with these procedural standards to avoid this very false arrest and imprisonment, coupled with Plaintiff's constitutional rights violated.

40. In accord with a patrolman's observation to determine a driver plausibly intoxicated is prescribed in Pages 1 thru 6, indicative with Phases. To which, Patrolman Petrone's observation in Phase 1: Vehicle In Motion, therewith "Moving Violation:" speeding, unusual lane changes indicated in Patrolman Petrone's paperwork, but failed to issue citation/summons for such as required in a driving while intoxicated arrest.

41. In this instant matter, according to the NYPD Patrol Guide, Section: ARRESTS – TRAFFIC VIOLATIONS, Procedure 208-52, notes: "Charge violation of Traffic Regulations if the offense is a violation of both Traffic Violations and the Vehicle Traffic Law." Patrolman Petrone failed to follow this procedure, negating traffic violations orally and inscribed in documents pertaining to the arrest. The arrest initiated by the stop due to traffic and moving violations suggesting Plaintiff was intoxicated.

42. The Patrol Guide further indicates, "RIGHTS OF PERSON TAKEN INTO CUSTODY" in Section: Arrest, Procedure No. 208-09, which aligns an attorney to be contacted upon request of arrestee. Under the Municipal Liability of NYPD, each of these matters (Para. 30 thru 37) were ignored and nullified during this arrest and detainment of Plaintiff by Patrolman Petrone.

43. Plaintiff avers here, NYPD is responsible for the constitutional violations of Patrolman Petrone relevant to Plaintiff's false arrest and imprisonment under the Fourth Amendment, therewith the denial of counsel while in custody under the Sixth Amendment of the United States Constitution and New York States' Article 1, Section 6.

## **REQUESTED RELIEF**

A. An amount in favor of Plaintiff to be determined by a jury for each of Plaintiff's Cause of Action;

B. Award Plaintiff Punitive Damages in an amount to be determined by a jury;

C. Award Plaintiff reasonable attorney fees in the event counsel is retained in furtherance of this matter;

D. Award Plaintiff cost and disbursements for this action;

E. Compensate Plaintiff for the expenses resulted from Plaintiff's car towed and stored;

F. Grant such other and further relief deemed just and proper

**JURY TRIAL DEMAND**

Plaintiff respectfully request a jury trial pursuant to Federal Rules of Civil Procedure 38, this demand is premised on all cause of actions illustrative and evinced herein capable of being determined by a jury trial.

I, Mark Garnes hereby attest the above is true and correct to the best of recollection and knowledge as to the events and dates as they occurred.

Respectfully yours,

Mark Garnes-Plaintiff – Pro Se
P.O. Box 160363
Brooklyn, New York 11216

Dated: February 25th, 2022

Sworn to before me this ____25th____ day of February 2022

Notary Public

LILLIAN BOWMAN
Notary Public - State of New York
NO. 01BO4977472
Qualified in Kings County
My Commission Expires Feb 4, 2023

17

UNITED STATES DISTRICT COURT

SOUTERN DISTRICT OF NEW YORK

_____X

Mark Garnes,                              :

        Plaintiff,                   :

                             :

                             :

        -against-                    :

City of New York,                         :
New York City Police Department
and Highway Patrolman Nikodemus
Petrone, Shield No. 9873                  :
              Defendants.
_____X

**AFFIRMATION OF SERVICE**
**Docket No. 20-CV-3387 (LB)**

I, Mark Garnes, hereby declare under the penalty of perjury that I have mailed the original and 2 copies of **COMPLAINT** to the Clerk of the Court, at 500 Pearl Street, New York, New York 10007-1312.

**DATED:** February 25th, 2022
Brooklyn, New York

Mark Garnes-Pro Se
1205 Atlantic Ave., Unit 363
Brooklyn, New York 11216

Mark Garnes
P.O. Box 160363
Brooklyn, New York
            11216


February 25th, 2022


Clerk of the Court
United States District Court
Southern District of New York
500 Pearl Street
New York, New York
            10007-1312


**RE:**    **Mark Garnes v. City of New York, New York City**
        **Police Department and Highway Patrolman**
        **Nikodemus Petrone, Shield No. 9823**


Dear Sir/Madam:

I, the above noted, submit the enclosed, **COMPLAINT** to be filed with the Honorable Court, respectfully. Here also, enclosed are documents pertaining to Plaintiff's IFP request.


Respectfully submitted,

Mark Garnes





U.S. POSTAGE
PM 1-Day
$8.70

PLACE THIS LABEL TO THE LEFT OF THE POSTAGE

USPS TRACKING® NUMBER

9505 5065 6271 2056 6237 00

RECEIVED
MAR - 2 2022
PRO SE OFFICE

RECEIVED
MAR 01 2022
CLERK'S OFFICE
S.D.N.Y.

Mark Gannes
P.O. Box 160363
Brooklyn, NY 11216

Clerk of the Court
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007-1312

USM3
S.D.N.Y.

Pro Se (TMC)