UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK A. GARNES,

                              Plaintiff,

            -against-

CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT; HIGHWAY
PATROLMAN NIKODOMUS PETRONE,
SHIELD NO. 9873,

                              Defendants.

22 Civ. 1769 (ER)

ORDER OF SERVICE

EDGARDO RAMOS, United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

Defendants violated his federal constitutional rights.  The Court also construes the complaint as

asserting claims under state law.  By order dated March 3, 2022, the Court granted Plaintiff's

request to proceed *in forma pauperis* (IFP), that is, to waive the filing fees.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v.

Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–

75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**DISCUSSION**

**A.      Claims against the New York City Police Department**

Plaintiff's claims against the New York City Police Department must be dismissed

because an agency of the City of New York is not an entity that can be sued.  N.Y. City Charter

ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of

any law shall be brought in the name of the city of New York and not in that of any agency,

except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d

Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010)

("[A] plaintiff is generally prohibited from suing a municipal agency.").  The Court therefore

dismisses Plaintiff's claims against the New York City Police Department.  *See* 28 U.S.C.

§ 1915(e)(2)(B)(ii).

**B.      Service on the City of New York and Petrone**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely

on the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d 119, 123

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals

Service to serve if the plaintiff is authorized to proceed IFP.  Although Rule 4(m) of the Federal

Rules of Civil Procedure generally requires that summonses and the complaint be served within

90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served

summonses and the complaint until the Court reviewed the complaint and ordered that

summonses be issued.  The Court therefore extends the time to serve until 90 days after the date

summonses are issued.  If the complaint is not served within that time, Plaintiff should request an

extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding

that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray*

*v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants the City of New York and Nikodomus Petrone, Shield #9873, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Police Department. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is further instructed to issue summonses for the City of New York and Petrone, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated:   March 7, 2022
         New York, New York

_____
EDGARDO RAMOS
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.      The City of New York
        100 Church Street
        New York, NY 10007

2.      Highway Patrolman Nikodomus Petrone, Shield #9873
        1 Police Plaza
        New York, NY 10038