

**MEMO ENDORSED**
at page 4

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**RACHEL SELIGMAN WEISS**
*Senior Counsel*
Phone: (212) 356-2422
Fax: (212) 356-3509
Email: rseligma@law.nyc.gov

March 11, 2025

**VIA ECF**
Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: Mark Garnes v. City of New York, et al., 22-CV-1769 (ER)

Your Honor:

I am a Senior Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York and attorney representing Defendants City of New York and Nikodemus Petrone ("Defendants") in the above-referenced matter. Defendants write to respectfully request, pursuant to Local Civil Rule 6.3, that the Court reconsider its decision denying Defendants' motion for summary judgment dismissing Plaintiff's denial of access to counsel claim. *See* ECF Dkt. No. 81. Specifically, reconsideration is warranted because, in reaching its decision, the Court overlooked the different legal standards applicable to denial of access to counsel claims brought under the Sixth Amendment versus New York state law.[1] In addition, it is respectfully requested that the pretrial conference currently scheduled for March 13, 2025 be adjourned to a date and time after the Court resolves the instant motion to reconsider.

## I. BACKGROUND

As relevant here, on November 26, 2020, Plaintiff Mark Garnes was placed under arrest for driving under the influence. *See* ECF Dkt. No. 81, at 1-2, 4. Garnes was then transported to the 45th precinct, where he was asked to submit to a chemical breath test. *See id.* at 3. Garnes claimed he requested an attorney before submitting to the test, which Defendant Petrone denied. *See id.* at 4. Garnes ultimately refused the chemical breath test. *See id.* Plaintiff filed his Notice of Claim on July 1, 2021. *See* ECF Dkt. No. 2, at 4. Plaintiff then commenced this lawsuit on March 2, 2022. *See generally id.* Plaintiff's second cause of action alleged that, by refusing

[1] Defendants' memorandum of law misunderstood the interplay between the Sixth Amendment jurisprudence and that of a denial of access to counsel claim under New York State law. We erroneously presented the law as if the claims are the same when, in fact, they are very different, as set forth more fully herein.

Plaintiff's request to contact his counsel regarding the chemical breath test at the precinct, Defendants violated Plaintiff's Sixth Amendment right to counsel and his right to counsel under the New York State Constitution, Article 1, Section 6. *See id.* at 12-13. On July 26, 2024, Defendants moved for summary judgment dismissing, among others, Plaintiff's claim for denial of counsel. *See* ECF Dkt. No. 68. Defendants argued that "Plaintiff's claim under the Sixth Amendment fails" because the Sixth Amendment right to counsel did not attach during Plaintiff's time in custody at the 46th precinct. *See id.* at 12-13.

On February 25, 2025, the Court found that "there is a genuine issue of material fact as to whether Garnes has a claim for denial of access to counsel for his request for counsel prior to refusing to take the chemical breath test." ECF Dkt. No. 81, at 18. As a result, Your Honor ordered that "Defendants' motion for summary judgment dismissing the denial of access claim is denied." *Id.* at 19. The ruling did not differentiate between Plaintiff's denial of access to counsel claims brought under both the Sixth Amendment and New York law.

## II. STANDARD OF LAW

A motion for reconsideration is proper where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Pursuant to Local Civil Rule 6.3, the Court may reconsider a prior decision to "correct a clear error or prevent manifest injustice." *Medisim Ltd. v. BestMed LLC*, 10-cv-2463 (SAS), 2012 U.S. Dist. LEXIS 56800, at *2–*3 (S.D.N.Y. Apr. 23, 2012); *Rullan v. New York City Dep't of Sanitation*, No. 10-cv-8079 (RPP), 2012 U.S. Dist. LEXIS 2896, at *4 (S.D.N.Y. Jan. 10, 2012). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Richardson v. City of New York*, No. 15-CV-5775 (PKC), 2017 U.S. Dist. LEXIS 104625, at *2 (S.D.N.Y. July 5, 2017) (quotation marks omitted), quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013). Given the need to correct a clear error or manifest injustice, reconsideration is appropriate here.

## III. THE COURT SHOULD RECONSIDER ITS ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSING PLAINTIFF'S DENIAL OF ACCESS TO COUNSEL CLAIM.

### A. Denial of Access to Counsel Claim Under the Sixth Amendment

Reconsideration of the Court's February 25, 2025, Order is appropriate because motorists do not have a Sixth Amendment right to counsel in the context of being asked to submit to a chemical breath test. Furthermore, while New York law provides for a limited right to counsel in the chemical breath test context, this Court lacks jurisdiction over Plaintiff's remaining state law denial of access claim as Plaintiff failed to meet the statutory requirements under New York state law for timely filing his Notice of Claim.

An individual's Sixth Amendment right to counsel is not implicated when the individual is asked to submit to a chemical breath test. As the Court correctly noted in its February 25th Order, an individual's "Sixth . . . Amendment . . . right to counsel attaches only at

or after the time that adversary judicial proceedings have been initiated against him." ECF Dkt. No. 81, at 16-17, *quoting Kirby v. Illinois*, 460 U.S. 682, 688 (1972). The Second Circuit has recognized an "equal need . . . for the assistance of counsel if substantial rights of an accused may be affected by a particular proceeding or by a statute governing criminal procedure" unique to a particular state. *Meadows v. Kuhlmann*, 812 F.2d 72, 76 (2d Cir. 1987). Thus, the commencement of the adversarial process is the "critical stage" at which an individual's Sixth Amendment right to counsel applies. *Id.*

"The Supreme Court has looked to state law to determine what is a 'critical stage.'" *Id.* New York does not consider investigatory work, such as questioning, to be a critical stage. *See Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 350 (2d Cir. 1998) ("We decline to extend the Sixth Amendment right to counsel to the [detectives'] questioning on the ground that the questioning occurs at a critical stage in the criminal proceeding."). Investigatory work includes a request to submit to a chemical breath test, as evidenced by New York law stating that an individual "may not condition his or her consent to a chemical test to determine blood alcohol content on first consulting with counsel." *Clemens v. N.Y. State Dep't of Motor Vehs.*, 178 A.D.3d 921, 922 (N.Y. App. Ct. 2019) (quoting *Matter of Boyce v. Commissioner of N.Y. State Dep't of Motor Vehs.*, 215 A.D.2d 476, 477 (N.Y. App. Ct. 1995); *see also Miller v. O'Bryan*, 498 F. Supp. 2d 548, 557 (N.D.N.Y 2007) ("[T]here is no Sixth Amendment right to counsel when the plaintiff is asked to submit to a chemical test because the plaintiff is 'not entitled to assert the privilege [against self-incrimination]' by refusing to submit to a chemical test." (quoting *Schmerber v. California*, 384 U.S. 757, 760-66 (1966))); *cf. Birchfield v. North Dakota*, 579 U.S. 438, 474 ("[W]e conclude that the Fourth Amendment permits warrantless breath tests incident to arrests for drunk driving.").

It is clear that Plaintiff did not have a right to counsel under the Sixth Amendment. Under *Kirby* and *Meadows*, a Court only looks to state law to clarify what constitutes a "critical stage" of the adversarial process triggering an individual's Sixth Amendment right. In New York, a critical stage exists where an individual's substantial rights may be affected. In the chemical breath test context, an individual's substantial rights are not affected because New York does not allow an individual to condition their consent to the test on first consulting with counsel. *See Clemens*, 178 A.D.3d at 922. Thus, the request for Plaintiff to submit to a chemical test was not a "critical stage" of the adversarial process that triggered Sixth Amendment protections. In reaching its conclusion on summary judgment, the Court conflated the required analysis of state law regarding what constitutes a critical stage with analysis of an alleged violation of the limited right that New York courts provide to Defendants in a DUI matter. *See Tanner v. Humphries*, No. 16-CV-1131 (GTS/TWD), 2019 WL 981863, at *15-17, 2019 U.S. Dist. LEXIS 34129 (N.D.N.Y 2019) (distinguishing denial of counsel claims brought under the Sixth Amendment and the New York State Constitution). Plaintiff's Sixth Amendment right to counsel was not infringed upon in this case.

This proposition, that New York does not recognize chemical testing as a critical stage in the adversarial process, is supported by what New York does recognize as a critical stage. Critical stages include "when a defendant [is] brought to the scene of the crime by court order, placed in a post-indictment lineup, or compelled to appear before a grand jury." *Deshawn E.*, 156 F.3d at 349-50 (citations omitted). A finding that chemical testing constitutes a critical stage in the adversarial process would be an unsupported expansion of the Sixth Amendment right to counsel.

**B. Remaining State Law Claim for Denial of Access to Counsel**

Reconsideration of the Order is also warranted because plaintiff cannot maintain a claim under New York state law for denial of the right to counsel as he failed to timely file a Notice of Claim. New York General Municipal Law establishes mandatory procedural prerequisites for maintaining tort actions against municipalities and their employees. Pursuant to N.Y. Gen. Mun. Law §§ 50-e and 50-i, a plaintiff must: (1) file a notice of claim within 90 days after the claim arises, and (2) commence the action within one year and 90 days after the incident giving rise to the claim. *See Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999); *Pierson v. City of New York*, 56 N.Y.2d 950, 954 (1982). These requirements apply with equal force to state constitutional tort claims. *See Dean v. Town of Hempstead*, No. 14-CV-4951 (MKB), 2024 U.S. Dist. LEXIS 146822, at *94 n.43 (E.D.N.Y. Aug. 16, 2024) (citing *Mirro v. City of New York*, 74 N.Y.S.3d 356, 359 (App. Div. 2018).

Here, pursuant to the Gen. Mun. Law, Plaintiff had 90 days from the date of the incident alleged in the complaint, *i.e.*, November 26, 2020, to file a notice of claim. Plaintiff, however, did not do so until July 1, 2021, well beyond the 90 day time frame. *See* Notice of Claim, annexed hereto. The Court therefore lacks jurisdiction over any purported claims under New York state law.

For all the reasons set forth herein, the Court should reconsider the Order and grant summary judgment to defendants. It is respectfully requested that the pretrial conference currently scheduled for March 13, 2025 be adjourned to a date and time after the Court resolves the instant motion to reconsider.

Thank you for your consideration herein.

Respectfully submitted,

Rachel Seligman Weiss
*Senior Counsel*

Enc.

cc: **VIA REGULAR MAIL**
Mark Garnes
*Plaintiff Pro Se*
1205 Atlantic Avenue, Unit 363
Brooklyn, New York 11216

Defendants' request for an adjournment of the conference scheduled for March 13, 2025 is denied. The parties are directed to appear for a conference on **March 13, 2025 at 10:00 a.m.** in Courtroom 619 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: March 11, 2025
New York, New York